T.C. Memo. 2010-217

UNITED STATES TAX COURT

MAURICE LOUIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10503-09.              Filed October 7, 2010.

Maurice Louis, pro se.

<u>Marissa J. Savit</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $2,838 deficiency
in petitioner's 2007 Federal income tax.  The issues for decision
are whether petitioner is entitled to:  (1) A dependency
exemption deduction for his daughter, M.L.;[1] (2) a dependency

_____

    [1]  It is the Court's policy to use initials when referring
                                            (continued...)

exemption deduction for his daughter, Romy P. Louis; (3) head of household filing status; (4) an earned income credit; (5) a child tax credit for M.L.; and (6) a credit for qualified retirement savings contributions.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York when the petition was filed.

Petitioner has two children, M.L., born on June 17, 1996, and Romy P. Louis (Ms. Louis), born on October 17, 1976. Petitioner and M.L.'s mother, Marie Rose Janvier (Ms. Janvier), divorced on March 9, 2006.[2] The judgment of divorce states that the parents are to have joint custody of M.L. but that M.L. is to reside with Ms. Janvier and her home is to be the custodial residence. The judgment of divorce does not contain a provision regarding which parent is entitled to the dependency exemption deduction for M.L., nor was there an agreement in place between petitioner and Ms. Janvier.

---

[1](...continued)
to minors. See Rule 27(a)(3), Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1986, as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] It is unclear from the record whether Ms. Janvier is also the mother of Romy P. Louis. However, it is inconsequential to the result.

M.L. spent time living with both parents in 2007.  During the school year M.L. lived with Ms. Janvier during the week and with petitioner on the weekends.  On most school days Ms. Janvier transported M.L. to and from school; but if she worked late or missed her train, petitioner often assisted her.  During the summer Ms. Janvier worked 3 or 4 days a week and M.L. resided with petitioner.  M.L. also resided with petitioner on holidays when Ms. Janvier worked.  Petitioner maintained health insurance for M.L. and paid any medical expenses incurred on her behalf.

Ms. Louis turned 31 in 2007 and filed her own 2007 Federal income tax return.  She reported income of $13,233 and claimed an exemption for herself.

Petitioner timely filed his 2007 Federal income tax return on which he reported earned income and adjusted gross income of $32,756.  He claimed a dependency exemption deduction for each of his two daughters, filed as a head of household, and claimed numerous credits resulting from his belief that his daughters were his dependents.[3]  Ms. Janvier also claimed a dependency exemption deduction for M.L. for 2007.

Respondent issued a notice of deficiency to petitioner disallowing both dependency exemption deductions, the head of household filing status, the child tax credit, the earned income

---

[3]  Petitioner claimed the child tax credit for M.L., the earned income credit, and the credit for qualified retirement savings contributions.

credit, and the credit for qualified retirement savings contributions.

## OPINION

Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent. Accordingly, petitioner bears the burden of proof. See Rule 142(a).

### I. Dependency Exemption Deduction

Section 151(a) and (c) allows a taxpayer to deduct an annual exemption amount for each "dependent" of the taxpayer. An individual is a dependent of a taxpayer if the individual is either a "qualifying child" or a "qualifying relative." Sec. 152(a). A qualifying child means an individual who: (1) Bears a qualifying relationship to the taxpayer (e.g., a child of the taxpayer); (2) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) is under the age of 19, or 24 if a student, as of the close of the year;[4] and (4) has not provided over one-half of his/her own support for the year. Sec. 152(c)(1). If both parents claim the same child as a qualifying child on separate Federal income tax returns, the child is treated as the qualifying child of the parent with whom

---

[4] If an individual meets the definition of "permanently and totally disabled", the age requirement is deemed satisfied. Secs. 22(e)(3), 152(c)(3)(B). Petitioner does not suggest, nor is there evidence, that Ms. Louis is permanently and totally disabled.

the child resided for the longer period during the year.  Sec.
152(c)(4)(B)(i).

A qualifying relative is an individual who:  (1) Bears a
qualifying relationship to the taxpayer (e.g., a child of the
taxpayer); (2) has gross income for the calendar year less than
that tax year's exemption amount;[5] (3) has more than one-half of
his/her support for the tax year provided by the taxpayer; and
(4) is not a qualifying child of any taxpayer for the tax year.
Sec. 152(d)(1).

In addition, section 152(e)(1) and (2) provides a special
rule for divorced parents whereby the noncustodial parent,
defined as the parent not having custody[6] of the child for the
greater part of the year, may treat the child as his/her
qualifying child or qualifying relative notwithstanding the
"place of abode" requirement of section 152(c)(1)(B), the
"support" requirement of section 152(d)(1)(C), or the tie-breaker
rule of section 152(c)(4) if certain requirements are met.[7]  For

---

[5]  The exemption amount was $3,400 in 2007.  Sec. 151(d)(1),
4(A); Rev. Proc. 2006-53, sec. 3.18(1), 2006-2 C.B. 996, 1001.

[6]  Custody is determined by the most recent divorce decree.
In the event of joint custody, "custody" is deemed to be with the
parent who has the physical custody of the child for the greater
portion of the year.  Sec. 1.152-4(b) and (c), Income Tax Regs.

[7]  Sec. 152(e)(1) applies if a child receives over one-half
of the child's support during the year from the child's divorced
parents, and such child is in the custody of one or both of the
child's parents for more than one-half of the year.

the noncustodial parent to treat the child as his/her qualifying child or qualifying relative, the custodial parent, defined as the parent having custody for the greater part of the year, must execute a written declaration releasing his/her claim to the dependency deduction, such as Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, and the noncustodial parent must attach the written declaration to his/her tax return.  Sec. 152(e)(2); sec. 1.152-4T(a), Q&A-1, -3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

A.  Whether M.L. Is a Dependent of Petitioner

Petitioner asserts that M.L. is his qualifying child because she resided with him for more than one-half of 2007.[8]  Respondent contends that M.L. is not petitioner's qualifying child because M.L. resided with Ms. Janvier for the longer period in 2007. Respondent also maintains that the exception in section 152(e) does not apply because Ms. Janvier did not execute, nor did petitioner attach to his tax return, a written declaration releasing her claim to the deduction.

Petitioner testified that M.L. lived with him for 194 days during 2007, made up of every weekend during the year (104 days), school holidays (6 days), school recess (24 days), and summer vacation (60 days).  Petitioner provided no additional evidence

---

[8]  The remaining requirements of sec. 152(c)(1) are not in dispute.

to substantiate these numbers.[9]  Moreover, respondent offered two pieces of credible evidence that contradict these numbers:  (1) The testimony of Ms. Janvier, and (2) the judgment of divorce.

Ms. Janvier testified that M.L. resided with her for more than one-half of 2007, and she refuted petitioner's testimony that M.L. resided with him for 60 days during the summer. Further, the judgment of divorce states that M.L. is to reside with Ms. Janvier and that Ms. Janvier's home is the custodial residence.

Petitioner has not met his burden of proving that M.L. lived with him for a longer period than with Ms. Janvier and accordingly has not met his burden of proving that M.L. is his qualifying child.  Additionally, petitioner has not met his burden of proving that M.L. is his qualifying relative because he has not shown that M.L. is not the qualifying child of another taxpayer nor attempted to substantiate the sources of M.L.'s support in 2007.  Finally, petitioner does not suggest that he obtained a Form 8332 or similar written declaration from Ms. Janvier, and he did not attach such a written declaration to his Federal income tax return.

---

[9]  As respondent states in his brief, it appears that petitioner double-counted certain weekends.  Petitioner counted every weekend during the year and nearly the entire summer vacation, including weekends.

Consequently, respondent's disallowance of the dependency exemption deduction for M.L. is sustained.

B. Whether Ms. Louis Is a Dependent of Petitioner

Petitioner also claimed a dependency exemption deduction for Ms. Louis. Petitioner felt entitled to the deduction because of his beliefs that Ms. Louis resided with him and that he provided more than one-half of Ms. Louis' support. Respondent counters that Ms. Louis does not meet the age requirement of a qualifying child and reports too much income to be a qualifying relative. Respondent is correct as to both.

Ms. Louis turned 31 years old in 2007 and reported income of $13,233. Therefore, she is not petitioner's qualifying child or qualifying relative. Although petitioner does not argue for the application of section 152(e), the special rule does not apply to an individual who exceeds the age and gross income requirements. Thus, Ms. Louis is not petitioner's dependent, and respondent's disallowance of the dependency exemption deduction for Ms. Louis is sustained.

II. Head of Household Filing Status

An individual qualifies as a head of household if the individual is not married at the close of the taxable year and maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode of an

individual who qualifies as the taxpayer's dependent within the meaning of section 152. Sec. 2(b)(1).

Neither M.L. nor Ms. Louis qualifies as a dependent of petitioner within the meaning of section 152, and petitioner has not claimed that any other dependents resided with him in 2007. Accordingly, he is not entitled to head of household filing status. Respondent's determination is sustained.

III. Child Tax Credit

A taxpayer may claim a child tax credit for "each qualifying child of the taxpayer". Sec. 24(a). A "qualifying child" for purposes of section 24 is a qualifying child as defined in section 152(c) who has not attained the age of 17. Sec. 24(c)(1).

Because we have determined that M.L. is not petitioner's qualifying child, it follows that petitioner is not entitled to a child tax credit for M.L. Respondent's determination is sustained.

IV. Earned Income Credit

Section 32(a) provides an earned income credit for an eligible individual for so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount. To be entitled to an earned income credit for the 2007 tax year, a taxpayer's earned income and adjusted gross income for the taxable year must each be less than: (i) $37,783 with

two or more qualifying children; (ii) $33,241 with one qualifying child; or (iii) $12,590 with no qualifying children. Sec. 32(b)(2), (j)(1); Rev. Proc. 2006-53, sec. 3.07, 2006-2 C.B. at 1000. The term "qualifying child", for purposes of section 32, means a qualifying child as defined in section 152(c) without regard to section 152(c)(1)(D) and (e). Sec. 32(c)(3)(A).

As discussed <u>supra</u>, M.L. and Ms. Louis are not qualifying children of petitioner.[10] Thus, for purposes of section 32, petitioner has no qualifying children. Petitioner reported earned income and adjusted gross income of $32,756 in 2007, therefore making him ineligible for an earned income credit. Consequently, respondent's determination is sustained.

V. <u>Credit for Qualified Retirement Savings Contributions</u>

An individual is allowed a credit for a percentage of qualified retirement savings contributions if the individual meets an adjusted gross income requirement. Sec. 25B(a) and (b). An individual filing as a head of household is allowed a credit so long as the individual's adjusted gross income does not exceed $39,000, while an individual filing as single is allowed a credit so long as the individual's adjusted gross income does not exceed $26,000. Sec. 25B(b); Rev. Proc. 2006-53, sec. 3.06, 2006-2 C.B. at 999-1000. Respondent asserts that petitioner wrongfully filed

---

[10] This remains true even without regard to sec. 152(c)(1)(D) and (e).

as a head of household and therefore cannot claim a credit because of his adjusted gross income in excess of $26,000.

As determined <u>supra</u>, petitioner was not entitled to head of household filing status. Since petitioner's adjusted gross income exceeded $26,000, he was not entitled to claim a credit for qualified retirement savings contributions. Thus, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.